UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| IN RE: | ) | 1:12-CV-164 |
| | ) | 1:12-CV-165 |
| STEVE A. MCKENZIE,[1] | ) | 1:12-CV-167 |
| | ) | 1:12-CV-172 |
| Debtor | ) | |
| | ) | |
| | ) | Judge Curtis L. Collier |

### MEMORANDUM

Before the Court are four appeals from orders issued by the United States Bankruptcy Court for the Eastern District of Tennessee (Rucker, J.): (1) the March 30, 2012 Order granting the Trustee's motion for contempt (Case No. 12-cv-164; Court File No. 1-27); (2) the March 30, 2012 Order granting the Trustee's motion to dismiss the removed State Court Action against the Trustee only (Case No. 12-cv-165; Court File No. 1-21, 1-22); (3) the March 30, 2012 Order granting in part and denying in part Grant, Konvalinka & Harrison, P.C.'s ("GKH") Motion for Remand (Case No. 12-cv-167; Court File Nos. 1-21, 1-22); and (4) the March 30, 2012 Order granting the Trustee's motion to dismiss the Bankruptcy Court Action against the Trustee only (Case No. 12-cv-172; Court File No. 1-8 at 66-67, 68-69). Although Appellant GKH and Appellees Trustee C. Kenneth Still (the "Trustee" or "Still") and Debtor Steve McKenzie (the "Debtor" or "McKenzie"), now deceased, submitted briefs in all four cases, they waived oral argument before this Court.

After considering the parties' arguments, the relevant case law, and the record on appeal, the Court will **AFFIRM** the four bankruptcy court orders appealed to this Court.

---

[1] The Court observes that in several related cases a suggestion of death was filed with regard to Steve A. McKenzie. As a result, David W. Noblit has been substituted in those cases as the Administrator ad litem of the estate of Steve A. McKenzie.

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**[2]

This case began as an involuntary Chapter 7 bankruptcy action filed against McKenzie on November 11, 2008, in the United States Bankruptcy Court for the Eastern District of Tennessee. The Chapter 7 bankruptcy was refiled as a voluntary Chapter 11 bankruptcy, and the two cases were later consolidated. All of the events discussed below arise from this consolidated bankruptcy matter.

On or about April 22, 2011, GKH filed a "Motion for Leave of Court to File Action in the Circuit Court of Hamilton County Tennessee" ("Motion for Leave") against the Trustee and his attorneys Richard L. Banks and Richard L. Banks & Associates, P.C. (the "Banks Defendants") (Court File No. 1-6 at 1-2). GKH sought leave to file a state court action against the Trustee and his counsel because they had previously filed a lawsuit styled *Steve A. "Toby" McKenzie and C. Kenneth Still v. Nelson Bowers, II; Exit 20 Auto Mall, LLC; John Anderson; and Grant, Konvalinka & Harrison, P.C.* in Bradley County, Tennessee against GKH and other parties (the "Bradley County Action").[3]

On August 5, 2011, at 2:10 p.m., GKH filed a state court action against the Trustee, the Debtor, and the Banks Defendants styled *Grant, Konvalinka & Harrison, P.C. v. C. Kenneth Still, Richard L. Banks, Richard Banks & Assoc., C. Kenneth Still and Steve A. McKenzie* in the Circuit Court of Hamilton County, Tennessee (the "State Court Action"). At 4:10 p.m., GKH filed a

---

[2] All facts in this section come from the filings in 12-cv-164 unless otherwise noted.

[3] In the Bradley County Action, the Debtor and Trustee asserted claims of breach of fiduciary duty, negligence, fraud, civil conspiracy, and legal malpractice in connection with the transfer of property owned by Cleveland Auto Mall, LLC on December 10, 2008. The Debtor had a membership interest in Cleveland Auto Mall, LLC prior to the transfer.

The Bradley County Action was later dismissed by agreed order.

2

separate but identical action in the bankruptcy court styled *Grant, Konvalinka & Harrison, P.C. v. Richard L. Banks & Assoc., C. Kenneth Still and Steve A. McKenzie* (the "Bankruptcy Court Action") (Court File No. 1-13). At this point, GKH had not yet received a ruling on its Motion for Leave. However, within an hour after GKH filed its State Court Action and Bankruptcy Court Action, the bankruptcy court denied the Motion for Leave (Court File No. 1-18).

On August 12, 2011, the Trustee filed a motion for contempt against GKH because GKH had filed the State Court Action without leave of court ("Motion for Contempt") (Court File No. 1-25). The Trustee also removed the State Court Action to bankruptcy court (Court File No. 1-19). GKH then filed a motion on August 19, 2011, requesting that the Court alter, amend and/or set aside its August 5, 2011 Order ("Motion to Alter or Amend") (Court File No. 50). In the Motion to Alter or Amend, GKH sought relief in light of recent jurisdictional issues that had arisen (*id.*). On the same day, GKH also filed a "Motion for Remand and/or Alternatively to Abstain and/or Alternatively for Consolidation" with respect to the State Court Action ("Motion for Remand") (Court File No. 1-40).

The bankruptcy court held a hearing on the Trustee's Motion for Contempt on September 8, 2011.[4] On September 13, 2011, the bankruptcy court entered a Show Cause Order stating GKH must appear on October 7, 2011 to show cause as to why it should not be held in contempt (Court File No. 1-50 at 29-32; Court File No. 1-27). On March 30, 2012, the bankruptcy court entered an order granting the Trustee's Motion for Contempt (Court File No. 1-27).

With respect to the other pending motions, a separate thread of litigation was occurring. On September 7, 2011, the bankruptcy court denied the Motion to Alter or Amend (Case No. 12-cv-167;

---

[4] The parties' briefs on the Motion to Compel submitted to the bankruptcy court prior to the hearing are in Court File No. 50-1.

3

Court File No. 1-31). The Trustee then filed a motion to dismiss the removed State Court Action as well as a motion to dismiss the Bankruptcy Court Action. Among the many responses and replies filed for the various motions at issue, GKH filed a motion to strike the responses of the Trustee and the Banks Defendants to the Motion for Remand ("Motion to Strike"). On March 30, 2012, the bankruptcy court entered an order granting the Trustee's motions to dismiss with respect to the Trustee only. The bankruptcy court also denied GKH's Motion to Strike and denied in part GKH's Motion for Remand.

GKH has appealed the following bankruptcy court orders in four separate appeals now before this Court: (1) **1:12-cv-164:** the March 30, 2012 Order granting the Trustee's motion for contempt (Case No. 12-cv-164; Court File No. 1-27); (2) **1:12-cv-165:** the March 30, 2012 Order granting the Trustee's motion to dismiss the removed State Court Action against the Trustee only (Case No. 12-cv-165; Court File No. 1-21, 1-22); (3) **1:12-cv-167**: the March 30, 2012 Order granting in part and denying in part GKH's Motion for Remand (Case No. 12-cv-167; Court File Nos. 1-21, 1-22); and (4) **1:12-cv-172**: the March 30, 2012 Order granting the Trustee's motion to dismiss the Bankruptcy Court Action against the Trustee only (Case No. 12-cv-172; Court File No. 1-8 at 66-67, 68-69).

## II.   STANDARD OF REVIEW

The district court has appellate jurisdiction to hear appeals from final judgments and orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's factual findings are reviewed for clear error and its conclusions of law are reviewed *de novo*. *In re Behlke*, 358 F.3d 429, 433 (6th Cir. 2004). A finding of fact is considered clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

4

committed." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

A bankruptcy court's decision to dismiss a case is generally reviewed for abuse of discretion. *In re DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir. 2007). Abuse of discretion is also the proper standard for any equitable determinations of the bankruptcy court. *Mayor of Baltimore v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 527 (6th Cir. 2002).

Two of GKH's appeals pertain to bankruptcy court orders dismissing actions pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) was expressly adopted under Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. Therefore, the law pertaining to motions to dismiss filed under Rule 12(b)(6) also applies in the bankruptcy context.

### III.   CASE NO. 1:12-CV-164[5]

**A.   Did the bankruptcy court abuse its discretion in finding after the October 7, 2011 hearing that GKH acted in contempt by filing the removed State Court Action against the Trustee without leave of the bankruptcy court?**

GKH argues the bankruptcy court erred when it held GKH in contempt for filing the State Court Action without leave of the court. GKH contends there was not "clear and convincing evidence of a clear, specific, and unambiguous mandate that prohibited the filing of its complaint" (Court File No. 4 at 18). The Trustee, however, argues GKH violated the *Barton* Doctrine when it filed the State Court Action (Court File No. 7 at 6). Therefore, the bankruptcy court properly held GKH in civil contempt for its actions.

It is well established the movant in a civil contempt proceeding bears the burden of proving

---

[5] All documents cited in this section can be found in Case No. 12-cv-164 unless otherwise noted.

5

by clear and convincing evidence the nonmoving party "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elec. Workers Pension Trust Fund of Local Union No. 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (citing *Cincinnati Bronze*, 829 F.2d at 591); *see also Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991). Here, the question is whether there is clear and convincing evidence establishing GKH violated a "definite and specific" court order requiring it to refrain from a particular act.

It is undisputed that, at the time GKH filed the State Court Action, the bankruptcy court had not yet ruled on GKH's Motion for Leave. Therefore, based on the most literal interpretation of the law, the bankruptcy court had not issued an order explicitly prohibiting GKH from filing the State Court Action.[6]

With that said, the law makes clear that under the circumstances of this case a party would need to obtain court approval before filing an action in state court against the Trustee. The *Barton* Doctrine provides that a party who seeks to initiate an action against a trustee for acts performed by the trustee in his official capacity and within his authority as an officer of the court must obtain leave from the court if it seeks to do so in a non-appointing forum. *See Barton v. Barbour*, 104 U.S. 126

---

[6] Although an order had not yet been issued for this matter, the Court does observe that the bankruptcy court had already denied a motion for leave filed by GKH pertaining to a different adversary proceeding. GKH had previously sought to file a state court action against the Trustee and his attorneys alleging claims of malicious prosecution and abuse of process. Although the facts underlying GKH's complaint in that case were slightly different--that is, GKH filed an adversary complaint in response to an action filed by the Trustee against GKH for the turnover of certain documents that was later dismissed--the bankruptcy court's decision in that case was still instructive. The bankruptcy court denied GKH's motion for leave to file in state court on the grounds that the *Barton* Doctrine applied (Court File No. 1-12 at 27-50). Thus, GKH had essentially been put on notice as to how the bankruptcy court might rule on later filed motions for leave.

6

(1881); *see also In re Richard Potasky Jeweler, Inc.*, 222 B.R. 816, 822 (S.D. Ohio 1998) ("[T]he Supreme Court [in *Barton v. Barbour*] held that a suit could not be maintained against a receiver for an act in his official capacity without first obtaining leave from the court which had appointed him."). Moreover, although GKH argues the *Barton* Doctrine would not have been applicable because the Trustee was acting outside of his official capacity when he filed the Bradley County Action against GKH and the other parties, the United States Court of Appeals for the Sixth Circuit reached a different conclusion on this very same issue. *See In re McKenzie*, 716 F.3d 404 (6th Cir. 2013). In considering GKH's arguments that the Trustee acted outside the scope of his authority in filing the Bradley County Action such that the *Barton* Doctrine did not apply, the Sixth Circuit stated the following:

> the Trustee's actions in filing and pursuing the Bradley County Complaint were taken in pursuit of possible assets of the estate and fell within the broad scope of the Trustee's duties and obligations under 11 U.S.C. § 704. *Id.* at *8; *see also id.* at *11. GKH has not demonstrated that the Trustee acted outside the scope of his authority so as to obviate the need to seek permission to file its third complaint in state court.

*In re McKenzie*, 716 F.3d 404, 422 (6th Cir. 2013).

Accordingly, although the bankruptcy court had not yet issued an order to this regard, the law makes clear that GKH was required to obtain court approval before filing its action in state court. Thus, the bankruptcy court did not abuse its discretion by holding GKH in contempt on this grounds.

### B. Did the bankruptcy court abuse its discretion in finding GKH was in contempt for not dismissing its State Court Action after the bankruptcy court had ruled on GKH's Motion for Leave?

The bankruptcy court also held GKH in contempt because GKH refused to dismiss the State Court Action even after it became aware of the bankruptcy court's decision on the Motion for Leave.

GKH filed the State Court Action on August 5, 2011, at or around 2:10 p.m. The bankruptcy court's order denying GKH's Motion for Leave to file the State Court Action was ruled upon later that day. GKH argues the bankruptcy court erred because there were mitigating factors supporting its decision to not dismiss the State Court Action.

A respondent to a civil contempt motion may defend on the basis compliance is impossible or the respondent took all reasonable steps within its power to achieve substantial compliance with the Court's order. *See Gary's Elec. Serv.*, 340 F.3d at 379. GKH argues there were jurisdictional issues that had recently arisen necessitating that its claims be filed in state court rather than bankruptcy court. Moreover, GKH contends it felt pressure to file the State Court Action at that time because it believed the statute of limitations was about to expire. Thus, GKH contends it should not have been held in contempt for not dismissing the State Court Action.

There is no indication from the record that the bankruptcy court abused its discretion by holding GKH in contempt for not dismissing the State Court Action, especially now that an order had been issued. The August 5, 2011 Order explicitly stated GKH had to seek leave from the court before filing the State Court Action because the *Barton* Doctrine applied. To the extent there was any confusion as to whether the *Barton* Doctrine applied as argued by GKH, that issue was resolved when the court's order was issued. Moreover, because the bankruptcy court's order was issued the same day that GKH filed the State Court Action, GKH should have immediately complied with the court's order and dismissed the case. Although GKH filed its Motion to Alter or Amend, it was still expected to comply with the court's order pending a decision, which it failed to do.

Taking all of the above into account, even if GKH may have had valid reasons for wanting to file an action in state court, it was still obligated to comply with the bankruptcy court's order.

That it failed to do so supports the bankruptcy court's determination that GKH willfully acted in contempt when it refused to dismiss the State Court Action.

      **C.**    **Did the bankruptcy court have jurisdiction to proceed with the October 7, 2011 hearing given that GKH had filed an interlocutory appeal of the bankruptcy court's September 13, 2011 Show Cause Order? Alternatively, did the bankruptcy court err in its findings of fact and conclusions of law by improperly shifting the burden of proof and concluding GKH was in contempt without affording appropriate due process, especially in light of the pending appeals in this case?**

GKH contends the bankruptcy court erred by proceeding with the October 7, 2011 hearing given that GKH had filed a precautionary motion for leave to appeal the bankruptcy court's September 13, 2011 Show Cause Order. GKH's argument, however, lacks merit. This Court dismissed the appeal at issue in Case No. 11-cv-311 on the grounds that the bankruptcy court's September 13, 2011 Order was not a final, appealable order (Case No. 11-cv-311; Court File No. 6). The Court further determined no extraordinary circumstances existed for an interlocutory appeal to be granted. As aptly noted by the bankruptcy court, "a more efficient use of judicial resources would be to have a decision [from the bankruptcy court] on all of the issues related to the contempt motion at this time and an appeal of all of the issues addressed at one time" (Court File No. 1-27 at 173).

For the same reasons, the bankruptcy court did not err in making its findings of fact and conclusions of law holding GKH in contempt despite the fact that appeals were pending. The bankruptcy court had authority to proceed with the contempt proceedings. Moreover, GKH fails to offer any specific examples as to how it was denied due process under the circumstances. Thus, there is no basis for finding the bankruptcy court erred in proceeding with the October 7, 2011 hearing or deprived GKH of appropriate due process.

Accordingly, for the reasons above, the Court will affirm the March 30, 2012 Order granting the Trustee's motion for contempt.

IV.  **CASE NO. 1:12-CV-165**[7]

**Did the bankruptcy court err in granting the Trustee's motion to dismiss the complaint filed by GKH in the removed State Court Action?**

GKH appeals the bankruptcy court's order granting the Trustee's motion to dismiss the removed State Court Action (Case No. 12-cv-165; Court File No. 1-21, 1-22). As background, the Trustee and his attorneys filed the Bradley County Action against GKH alleging claims of breach of fiduciary duty, negligence, fraud, civil conspiracy, and legal malpractice in connection with the transfer of property owned by Cleveland Auto Mall, LLC. The Debtor had a membership interest in Cleveland Auto Mall, LLC prior to the transfer. The Bradley County Action was eventually dismissed by agreed order. GKH subsequently filed the State Court Action, which is at issue in the instant appeal. In the State Court Action, GKH asserted claims of malicious prosecution and abuse of process against the Trustee and his attorneys for filing the Bradley County Action. The Trustee removed the State Court Action to the bankruptcy court and then filed a motion to dismiss.

The primary issue raised on appeal is whether the Trustee was entitled to immunity after he filed the Bradley County Action.[8] If so, then the bankruptcy court properly dismissed GKH's removed State Court Action against the Trustee. GKH, however, contends the Trustee was not

---

[7] All citations are from documents in Court File No. 12-cv-165 unless otherwise noted.

[8] GKH has raised arguments in this case that are nearly identical to arguments it has raised in other cases this Court has heard, including Case No. 11-cv-258. Therefore, much of the analysis in this section is based upon the Court's previous analyses.

10

entitled to immunity in the instant case because he acted outside the scope of his authority when he filed the Bradley County Action against GKH. Among other reasons, GKH argues the Trustee engaged in an *ultra vires* act by attempting to seize property that belonged to the estate. Moreover, GKH claims the property at issue was never part of the bankruptcy estate as a matter of law. Further, GKH avers the Trustee was required to obtain court approval prior to filing the Bradley County Action in order to invoke immunity. Finally, GKH argues the bankruptcy court should have allowed it to conduct discovery prior to dismissing the State Court Action.

The Court observes that GKH raises arguments in this case that are nearly identical to arguments raised in prior appeals. Those cases were subsequently appealed to the United States Court of Appeals for the Sixth Circuit, which recently issued a decision affirming the judgment of the bankruptcy court. *See In re McKenzie*, 716 F.3d 404 (6th Cir. 2013). Given the similarity of the issues, the Court will rely in large part upon the Sixth Circuit's analysis to address the issues raised in this case.

As a threshold matter, "a bankruptcy trustee is ordinarily entitled to quasi-judicial (or derivative) immunity from suit by third parties for actions taken in his official capacity." *In re McKenzie*, 716 F.3d 404, 413 (6th Cir. 2013). GKH contends the Trustee is required to obtain prior court approval for quasi-judicial immunity to apply. However, the Sixth Circuit has made clear that "a trustee is not required to obtain prior court approval in order to invoke quasi-judicial immunity from suit by a third party for actions taken by the trustee on behalf of the estate and within the scope of his authority." *Id.* at 414.

GKH also argues that the Trustee engaged in an *ultra vires* act when he filed the Bradley County Action and, therefore, is not entitled to immunity. Again the Court finds the Sixth Circuit's

11

analysis in *In re McKenzie* instructive. Although the issue before the Sixth Circuit was whether the bankruptcy court properly denied GKH's motion for leave to sue in state court, as part of that issue, the court had to determine whether the Trustee had engaged in an *ultra vires* act when he filed the Bradley County Action. GKH (then and now) attempted to argue the Trustee's actions were comparable to a physical seizure of property, which can be considered an *ultra vires* act. However, the Sixth Circuit determined the comparison was to no avail in this context where the Trustee was seeking actual and punitive damages against GKH for an alleged breach of fiduciary duty on the part of GKH in connection with the transfer of property. *Id.* at 421-22. GKH also attempted to argue then, as it does now, that the Trustee acted outside of his authority by bringing the suit after Bankruptcy Judge John Cook had already stated in a December 16, 2010 order that the property at issue did not belong to the bankruptcy estate. The Sixth Circuit, however, opined "[n]either a dismissal on the merits, nor an allegation that the claims were brought for ulterior purposes, equates to a transgression of the authority to assert claims to property on behalf of the estate." *Id.* at 422. In considering the Trustee's act of bringing the Bradley County Action, the Sixth Circuit explained: "the Trustee's actions in filing and pursuing the Bradley County Complaint were taken in pursuit of possible assets of the estate and fell within the broad scope of the Trustee's duties and obligations under 11 U.S.C. § 704." *Id.*

Here, for similar reasons, the Court concludes there is no indication the Trustee acted outside of his authority in filing the Bradley County Action and the Trustee was, therefore, entitled to quasi-judicial immunity. Moreover, the Court observes that the bankruptcy court thoroughly considered the issues raised by GKH and, for nearly identical reasons stated in its prior decisions, reached the

same conclusions.[9] Accordingly, the Court concludes the bankruptcy court did not err when it granted the Trustee's motion to dismiss the removed State Court Action.

## V.     CASE NO. 1:12-CV-172

### Did the bankruptcy court err in granting the Trustee's motion to dismiss the Bankruptcy Court Action?

Whereas Case No. 12-cv-165 pertains to the bankruptcy court's decision to dismiss the removed State Court Action, Case No. 12-cv-172 pertains to the bankruptcy court's decision to dismiss the nearly identical Bankruptcy Court Action. The underlying complaints are essentially the same--the only difference being that one was originally filed in state court and the other was originally filed in bankruptcy court. Moreover, the parties' briefs in this appeal (and the issues raised in this appeal) are identical in substance and form to those filed in 12-cv-165. Accordingly, the Court incorporates by reference its prior discussion pertaining to 12-cv-165, and for the same reasons, concludes the bankruptcy court did not err when it granted the Trustee's motion to dismiss the Bankruptcy Court Action.

## VI.    CASE NO. 1:12-CV-167

### A.     Did the bankruptcy court err in denying GKH's Motion to Strike?

GKH argues the bankruptcy court erred in denying its Motion to Strike. GKH contends Appellees' response to GKH's Motion to Strike was untimely pursuant to E.D. Tenn. L.B.R. 7007-1.

---

[9] This Court incorporates by reference its previous discussion of the law and facts raised in the previous *In re McKenzie* appeals addressing the issue of immunity and GKH's request for discovery.

13

Local Bankruptcy Rule 7007-1 states that "unless the court directs otherwise, the opposing party must file a response within 21 days after the date of the filing of the motion. . . . A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." GKH argues Appellees' failure to file a timely response should have been construed as Appellees having no opposition to the motion.

Although it is undisputed that Appellees' response was untimely, the bankruptcy court still chose to consider the late-filed motion. This is a decision that lies within the discretion of the bankruptcy court. Moreover, the Court observes GKH was not prejudiced by the untimely response because the bankruptcy court allowed GKH to submit a reply brief to refute the arguments raised in Appellees' response. Thus, the Court concludes the bankruptcy court did not err in denying GKH's Motion to Strike.

**B.    Did the bankruptcy court err in denying in part GKH's Motion for Remand?**

GKH also argues the bankruptcy court erred when it denied in part GKH's Motion for Remand, which was filed after the Trustee removed the State Court Action to bankruptcy court. At issue is whether the bankruptcy court had subject matter jurisdiction to hear the State Court Action. GKH contends the bankruptcy court lacked both "core" jurisdiction and "related to/non-core" jurisdiction over GKH's State Court Action. In support of its argument, GKH explains that neither of its claims in the State Court Action--that is, malicious prosecution and abuse of process--"invoke a substantive right created by federal bankruptcy law"; moreover, both claims could "exist[] outside of bankruptcy" (Court File No. 5 at 15-16 (citing *Delphi Automotive Sys., LLC v. Segway, Inc.*, 519 F. Supp. 2d 662, 669 (Bankr. E.D. Mich. 2007))).

Pursuant to 28 U.S.C. § 157, bankruptcy courts can "hear and determine all cases under title

14

11 and all core proceedings arising under title 11 or arising in a case under title 11." 28 U.S.C. § 157(b)(1). A "core" proceeding can include "matters concerning the administration of the estate." § 157(b)(2). Moreover, even if a proceeding is not a "core" proceeding, a bankruptcy judge may still hear the matter if it is "otherwise related to a case under title 11." § 157(c)(1).

Precedent in this circuit supports the bankruptcy court's decision that it had jurisdiction over GKH's removed State Court Action. For instance, as noted in the bankruptcy court's decision, in *In re Heinsohn*, 231 B.R. 48, 56 (Bankr. E.D. Tenn. 1999), a bankruptcy court had to determine whether a malicious prosecution claim brought against a trustee was a "core" or "non-core" matter. The bankruptcy court held it was a "core" matter because it involved the administration of an estate pursuant to 28 U.S.C. § 157. This Court affirmed the bankruptcy court's decision in *In re Heinsohn* on appeal stating the following: "The Court agrees the action in this case was a core proceeding. . . . Had there been no bankruptcy proceeding, the referral which Plaintiff contends was maliciously instituted would not have taken place." 247 B.R. 237, 244 (E.D. Tenn. 2000). Although the referral at issue in *In re Heinsohn* was a criminal referral, the general principle that an action brought against a Trustee acting pursuant to his statutory duties is a "core" matter is just as applicable in the instant case.

Here, the bankruptcy court determined it had "core" jurisdiction because the Trustee's actions in filing the Bradley County Action were within the scope of his duties and they pertained to the administration of the estate. The reasoning behind the bankruptcy court's conclusion that the Trustee was acting pursuant to his statutory duties has already been discussed with respect to Case No. 12-cv-165. Therefore, taking all of the above into account, the Court concludes the bankruptcy court had subject matter jurisdiction over the State Court Action because it directly pertained to the

15

Bradley County Action.[10]

Accordingly, the Court concludes the bankruptcy court did not err in denying GKH's Motion for Remand.

## VII. CONCLUSION

For the foregoing reasons, the Court will **AFFIRM** the bankruptcy orders that serve as the basis of the instant appeals. As no further matters remain for adjudication, the Clerk of Court is directed to **CLOSE** these cases.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[10] GKH raises two alternative arguments that the Court finds do not affect the larger analysis. First, GKH argues the court should have abstained pursuant to 28 U.S.C. § 1334(c)(2). However, because the court exercised jurisdiction over a "core" matter, mandatory abstention would not have been applicable. Second, GKH contends that, even if mandatory abstention was not appropriate, the court should have remanded the case under either the doctrine of permissive abstention or equitable remand. However, the bankruptcy court offers several reasons in the memorandum accompanying its order explaining why remand would have been improper in this case. The Court finds the bankruptcy court's decision to be well-reasoned and supportive of the decision to not remand.